Grafton,
June 2, 1925.

### RODNEY L. NICHOLS *v.* ARTHUR C. MOULTON & a.

In an action for injuries caused an employee by the negligence of his employer, the fact that the plaintiff went into a place of danger on the advice of a fellow employee of long experience, who appeared to be in charge, is no defence, the negligence of the defendant appearing from other evidence.

The fact that the plaintiff acted on the advice of an experienced employee is competent evidence of his freedom from contributory fault and of his non-assumption of the risk.

CASE, for negligence. Trial by jury and verdict for the plaintiff. The defendants had accepted the employers' liability act, and the plaintiff was injured while in their employ. Other facts are stated in the opinion. Transferred by *Sawyer*, J., upon the defendants' exceptions to the denial of their motions for a nonsuit and for a directed verdict.

*Alvin F. Wentworth* and *Owen & Veazey* (*Mr. Owen* orally), for the plaintiff.

*Jewett & Jewett* (*Mr. Stephen S. Jewett* orally), for the defendants.

PEASLEE, C. J. The evidence tended to show that the defendants maintained a large circular saw so placed that a portion of it extended into a dark sawdust pit below the floor, and was unguarded. It is usual to place a guard about that portion of a saw. The plaintiff did not know of this unusual danger, went into the pit in the course of his business, and was injured by coming in contact with the revolving saw. This was sufficient evidence of the defendants' fault.

The plaintiff was employed as a fireman, and it was a part of his duty to see that the sawdust from the pit was transmitted to the boiler house through a blower system. He was new to the job, and the defendants gave him no instructions. Having occasion for more fuel than was coming through, and not knowing how to expedite it, he inquired of the sawyer, who was a man of long experience about the premises and appeared to be in charge. The sawyer advised that the plaintiff should go into the pit and shovel sawdust up to the blower. It was while following this suggestion that the plaintiff was injured. The defendants stress the point that the sawyer was a fellow servant of the plaintiff, or, if a vice-principal, that his acts

were those of fellow service, and that therefore the defendants are not liable for them in any event. If it were conceded that these positions, or either of them, are well taken, it would not affect the result here. They might be of importance if there were no other evidence of the defendants' fault, but as faulty premises and lack of warning were shown, the plaintiff had no occasion to go further upon this issue.

The advice given was competent evidence upon the question of the plaintiff's fault, or that of his assumption of risk. Upon these issues the facts as to what he knew and what he relied upon are of importance. Information coming from any apparently trustworthy source would have a legitimate bearing upon these questions. *Weeks* v. *Company*, 78 N. H. 26.

The case was properly submitted to the jury.

*Exceptions overruled.*

All concurred.